UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------- x
JESSICA COOK, on behalf of herself and all others :
similarly situated, :
:
                            **Plaintiff,**     :      21-CV-8935 (ALC)
:
        -against-     :      **ORDER**
:
AMERICAN EXPRESS, :
:
                           **Defendant.** :
:
--------------------------------------------------------------- :
:
                                                               x

**ANDREW L. CARTER, JR., District Judge:**

      Plaintiff Jessica Cook brings this action against Defendant American Express for violations of the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681a–1681x. *See* ECF No. 1. Plaintiff alleges that American Express procured credit reports for impermissible purposes and attempted to collect debts discharged in bankruptcy. Defendant American Express National Bank ("American Express"), sued here as American Express, has filed a Motion to Compel Arbitration and Stay Action. ECF No. 11-13. American Express requests that the Court enter an order pursuant to the Federal Arbitration Act, 9 U.S.C. § 1*, et seq.* (the "FAA"), compelling plaintiff to arbitrate her dispute against American Express and staying this action pending arbitration. For the following reasons, Defendant's motion to compel arbitration is GRANTED.

1

## BACKGROUND

Plaintiff is a resident of Charlotte, North Carolina. ECF No. 1, Complaint ("Compl.") ¶ 4. American Express is a national bank with its main office in Utah. ECF No. 13, Declaration of Keith Herr ("Herr Decl.") ¶ 1. Among other things, American Express is the issuer of the American Express Gold Delta SkyMiles brand of revolving credit cards. Herr Decl. ¶ 3. Plaintiff requested, and American Express opened, an American Express Gold Delta SkyMiles credit card account in her name on or about September 14, 2018. Herr Decl. ¶ 3.

Plaintiff brings nationwide class claims that American Express (a) procures credit reports of consumers whose debts have been discharged in bankruptcy for which there is no permissible purpose and (b) attempts to collect debts that have been discharged in bankruptcy. Compl. ¶ 3. Specifically, Plaintiff alleges that she filed for bankruptcy on April 15, 2020, and that notice of her bankruptcy was sent to American Express on April 17, 2020. Compl. ¶¶ 8-12. Plaintiff alleges that on July 24, 2020, she received an order, which was sent to American Express on the same day, granting discharge of her debts, including her American Express account. Compl. ¶¶ 13-15. Plaintiff further alleges that, on June 15 and 16, 2021, American Express procured her credit reports for an impermissible purpose. Compl. ¶¶ 16-19. Based on these allegations, Plaintiff asserts claims for negligent and willful violation of the FCRA against American Express. Compl. ¶¶ 38- 44.

## LEGAL STANDARD

Under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds that exist at law or in equity for the revocation of a contract." 9 U.S.C. §2. The FAA establishes "a liberal federal

policy favoring arbitration agreements." *See, e.g., Epic Sys. Corp. v. Lewis*, 138 S.Ct. 1612, 1621 (2018).

If the existence of the arbitration agreement itself is not at issue and the dispute is within the scope of the arbitration agreement, courts must "direct[ ] the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4; *see also AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344, 131 S.Ct. 1740, 179 L.Ed.2d 742 (2011). In deciding whether claims are subject to arbitration, the Court must determine (1) whether the parties entered into a valid agreement to arbitrate and (2) whether the claim falls within the scope of the agreement. *In re Am. Express Fin. Advisors Sec. Litig.*, 672 F.3d 113, 128 (2d Cir. 2011) (citing *ACE Capital Re Overseas Ltd. v. Cent. United Life Ins. Co.*, 307 F.3d 24, 28 (2d Cir. 2002)). "[W]here the undisputed facts in the record require the matter of arbitrability to be decided against one side or the other as a matter of law, [the Court] may rule on the basis of that legal issue and 'avoid the need for further court proceedings.' " *Wachovia Bank, Nat. Ass'n v. VCG Special Opportunities Master Fund*, 661 F.3d 164, 172 (2d Cir. 2011) (quoting *Bensadoun*, 316 F.3d at 175).

Under the FAA, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983).

## DISCUSSION

The parties do not dispute the existence of an Arbitration Agreement. Plaintiff requested, and American Express opened, an American Express Gold Delta SkyMiles credit card account in her name on or about September 14, 2018. Herr Decl. ¶ 3. The American Express card is governed by a Cardmember Agreement, which Plaintiff does not deny she received or had the

3

opportunity to review. The Cardmember Agreement includes an Arbitration Agreement. Herr Decl., Ex. A, p.13.

American Express's Arbitration Agreement broadly encompasses "any current or future claim, dispute or controversy relating to your Account(s), this Agreement, **or any agreement or relationship you have or had with us**," including any "claims based upon contract, tort, fraud, **statute**, regulation, common law and equity." *Id.* (emphasis added). The language of American Express's Arbitration Agreement is broad enough to cover the disputes at issue because Plaintiff's claims and the parties' dispute over potential liability under the FCRA are explicitly "based upon . . . statute[s]" (here, the FCRA). Compl. ¶¶ 38-44. Plaintiff's claims fall squarely within the Arbitration Agreement and are thus subject to arbitration.[1]

Plaintiff's allegations in the Complaint relate back to the debts she incurred on this card and then discharged in bankruptcy. The Complaint states that American Express impermissibly procured her credit reports for debts after they were discharged in bankruptcy. Compl. ¶ 3. The Complaint later states that the claims are based on Plaintiff's "Amex account" discharged in bankruptcy. Compl., ¶¶ 13, 15. These demonstrate a clear relationship between her claims and the American Express cardmember agreement.

In reviewing the allegations in the Complaint, her claims must "arise from" or "relate to" her account or debt with American Express. Because the claims and bankruptcy arise from charges to her American Express card, they grow out of "[an] agreement or relationship that [Plaintiff] [has] or had with [American Express]." Cardmember Agreement, Herr Decl., Ex. A,

---

[1] The Supreme Court has held that a party "may not be compelled…to submit to class arbitration unless there is a contractual basis for concluding that the party agreed to do so." *Anwar v. Fairfield Greenwich Ltd.*, 950 F. Supp. 2d 633, 636 (S.D.N.Y. 2013) (citing *Stolt–Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 130 S.Ct. 1758, 1775, 176 L.Ed.2d 605 (2010). Thus, an agreement to arbitrate alone, absent an explicit agreement to arbitrate claims on a class-wide basis, does not constitute "an implicit agreement to authorize class action arbitration…" (*Id.*) Here, the arbitration agreement also prevents her from arbitrating any claims on a class wide basis. Herr Decl., Ex. A, p.13.

p.13. Therefore, they are covered by the arbitration agreement. As Plaintiff notes in her Opposition: "Thus, by the plain language of this arbitration agreement, Ms. Cook would be required to arbitrate this claim if it related to (1) her former account, (2) the Cardmember Agreement governing that account, or (3) any agreement or relationship that Ms. Cook had with American Express." Plaintiff's Opposition, ECF No. 16, at 4-5. Plaintiff's claims relate to her former account and the Cardmember Agreement governing it. As a result, this matter must proceed to arbitration.

## CONCLUSION

Because the Court holds that this matter must proceed to arbitration, it does not reach Plaintiff's motion to strike at ECF No. 19. That motion is denied with leave to renew if the case returns after arbitration.

For the foregoing reasons, the Court grants Defendant's motion to compel arbitration on an individual basis and stays Plaintiff's remaining claims in favor of arbitration. The parties are directed to file rolling status updates regarding the arbitration every 90 days.

The Clerk of Court is respectfully directed to terminate the open motions at ECF Nos. 11 and 19.

**SO ORDERED.**

**Dated:**     **New York, New York**
          **March 31, 2023**

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**